IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERARDO GUTIERREZ-PEREZ, :
:
    Petitioner :
: CIVIL NO. 1:10-CV-2184
:
v. : Hon. John E. Jones III
:
:
WARDEN, FCI ALLENWOOD, :
:
    Respondent :

## **MEMORANDUM**

December 20, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On July 12, 2010, Petitioner Gerardo Gutierrez-Perez ("Petitioner" or "Gutierrez-Perez"), an inmate presently confined at the Federal Correctional Institution Allenwood ("FCI Allenwood") in White Deer, Pennsylvania, initiated the above action *pro se* in the United States District Court for the Southern District of New York by filing a document entitled "Motion to Correct Sentence for Time Not Received While on Writ from State Custody." (Doc. 2.) He asserts that the Federal Bureau of Prisons ("BOP") incorrectly calculated his federal sentence by failing to provide him with credit for time he spent in state custody. (*Id.*)

By Order dated July 27, 2010, the Honorable Jed S. Rakoff of the United States

District Court for the Southern District of New York observed that the Motion should be construed as a petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2241 because Petitioner challenges the execution of his sentence, and specifically the computation of his sentence by the BOP, which is a challenge properly pursued under § 2241.  (*See* Doc. 4.)  In his Order, Judge Rakoff notified Petitioner that, if he did not notify the Court within thirty (30) days that he wished to withdraw his Motion, it would be construed as a § 2241 petition.  (*See id.*)

The Court also determined that the Middle District of Pennsylvania is the proper venue for this action because Petitioner is confined within this District.  (*See id.* at 3-4.)   In addition, the Court set forth the requirement that all administrative remedies must be exhausted before filing a petition for habeas relief under § 2241, and advised that, if Petitioner did not withdraw his filing within the required time, it would be transferred to this Court pursuant to 28 U.S.C. § 1406(a), and any determination regarding the exhaustion of administrative remedies would be made by this Court.  (*See id.*)

By Order filed on October 15, 2010, Judge Rakoff observed that the time for Petitioner to notify the Court that he was withdrawing his filing had expired, and therefore, the Court formally construed the Motion as a § 2241 habeas petition (hereinafter "Petition") and directed the transfer of the Petition to this Court.  (Doc. 5.)

The case was opened in this Court on October 25, 2010. (Doc. 6.) Because the Petition was not an electronic document, it was mailed separately via FedEx to the Clerk of Court and docketed on November 5, 2010. (*See* Doc. 2.)

Pursuant to a Standing Order in the United States District Court for the Southern District of New York whereby all *pro se* petitions for writs of habeas corpus under 28 U.S.C. § 2241, § 2254, or § 2255, are deemed to include a request for *in forma pauperis* status, and the Clerk of Court is directed to file such petitions as if that status had been granted without prepayment of fees, Gutierrez-Perez is proceeding *in forma pauperis* in this action. (*See* Doc. 1.)

Because it was not apparent on the face of the Petition whether Petitioner had exhausted administrative remedies, by Order dated November 8, 2010, we directed service of the Petition on Respondent and directed Respondent to file an answer within twenty-one (21) days. (Doc. 8.) Our Order specifically directed Respondent to address Petitioner's exhaustion of administrative remedies in the answer to the Petition. (*Id.*) On November 29, 2010, Respondent filed a Response (Doc. 9), and an exhibit and attachments[1] (Doc. 9-1), requesting that this Court dismiss the instant Petition for failure to exhaust administrative remedies. Although our service Order

---

[1]Respondent has submitted the Declaration of Joseph McCluskey, a Senior Attorney employed by the United States Department of Justice, BOP, at FCI Allenwood (Doc. 9-1 at 3-5), which is accompanied by Petitioner's Inmate Profile (Doc. 9-1 at 7), and an Administrative Remedy Generalized Retrieval for Petitioner (Doc. 9-1 at 9).

3

provided Petitioner with the opportunity to file a reply brief within fourteen (14) days of receipt of Respondent's filings, the deadline for filing a reply brief has expired, and Petitioner has not filed a reply brief.  Therefore, the Petition is ripe for disposition. For the reasons set forth below, the Petition will be dismissed for failure to exhaust administrative remedies.

## I.   FACTUAL BACKGROUND

Gutierrez-Perez currently is serving a twenty-four (24) month term of imprisonment imposed by the United States District Court for the Southern District of New York for illegal reentry to the United States after having been deported following a felony conviction.  (Doc. 9-1 at 3-4, McCluskey Decl., ¶ 3.)  His projected release date is February 6, 2012, via good conduct time release.  (*Id.*)  Gutierrez-Perez has been housed at FCI Allenwood since May 13, 2010.  (*Id.*)

The BOP has a three-level administrative remedy process which must be exhausted before an inmate can bring an action in federal court.  (*Id.* at 4 ¶ 4; 28 C.F.R. § 542 *et seq*.)  The administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his confinement.  (Doc. 9-1 at 4 ¶ 4; 28 C.F.R. § 542.10.)

In order to exhaust appeals under the administrative remedy process, an inmate first must raise his complaint with his unit team through an informal resolution

4

attempt. (Doc. 9-1 at 4 ¶ 5; 28 C.F.R. § 542.13(a).) If the concern is not informally resolved, the inmate may file a remedy with the Warden of the institution where he is confined by filing a BP-9 form. (Doc. 9-1 at 4 ¶ 5; 28 C.F.R. § 542.14(a).) He then may appeal an adverse decision to the BOP's Regional Director, and if dissatisfied with that response, he may appeal to the BOP's Central Office. (Doc. 9-1 at 4 ¶ 5; 28 C.F.R. § 542.14(d)(2).) No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the BOP's Central Office. (Doc. 9-1 at 4 ¶ 5; 28 C.F.R. § 542.14(d)(2).)

In the ordinary course of business, the BOP maintains computerized indices of all formal administrative remedies filed by inmates so that rapid verification may be made as to whether an inmate has exhausted his administrative remedies on a particular issue. (Doc. 9-1 at 4, McCluskey Decl., ¶ 6.) McCluskey has declared that his search of BOP records performed on November 10, 2010 revealed that Petitioner has not exhausted administrative remedies because he has not filed *any* administrative remedies. (*Id.* at 5 ¶ 7; Doc. 9-1 at 9, Administrative Remedy Generalized Retrieval.)

## II. DISCUSSION

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit consistently have required a petitioner to

exhaust his administrative remedies before filing a petition for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); *e.g.*, *Callwood v. Enos*, 230 F.3d 627, 632 (3d Cir. 2000). The Third Circuit requires administrative exhaustion for habeas claims raised under § 2241 because "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted).

Exhaustion of administrative remedies is found not to be required where administrative procedures are unavailable or incompetent to provide adequate redress, or where exhaustion would be futile. *See Muhammad v. Carlson*, 739 F.2d 122, 123 (3d Cir. 1984); *Young v. Quinlan*, 960 F.2d 351, 356 (3d Cir. 1992); *see also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998). "Exhaustion of administrative remedies is not rendered futile just because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate." *Torres v. Martinez*, Civil No. 3:09-CV-1070, 2009 WL 2487093, at * 4 (M.D. Pa. Aug. 12, 2009) (Munley, J.) (Doc. 9-2). "[I]t is a principle controlling all habeas corpus petitions to federal courts, that those courts will

6

interfere with the administration of justice . . . only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Id.*, at *6 (citing *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982)) (quoting *Ex parte Hawk*, 321 U.S. 114, 117 (1944) (internal quotations and footnote omitted)); *see also, e.g. Miceli v. Martinez*, Civil No. 1:08-CV-1380, 2008 WL 4279887 (M.D. Pa. Sept. 15, 2008) (Rambo, J.) (dismissing petition for failure to exhaust administrative remedies and rejecting Petitioner's argument that he would be further prejudiced by delay of completing exhaustion process) (Doc. 9-3).

In the instant case, the record reflects that the BOP has made administrative procedures available, and that they are competent to provide adequate redress as to Gutierrez-Perez's claim that the BOP improperly calculated his federal sentence by failing to provide him with credit for time he spent in state custody. The record also reflects that Gutierrez-Perez has not filed any administrative remedies. (*See* Doc. 9-1 at 5, McCluskey Decl., ¶ 7; Doc. 9-1 at 9, Administrative Remedy Generalized Retrieval.) Accordingly, we find that he has failed to exhaust available administrative remedies, and will dismiss the Petition on that basis. An appropriate Order will enter.